MICHAEL D. LONG  (State Bar #149475)
901 H Street, Suite 301
Sacramento, CA 95814
(916) 447-1920
Mike.Long.Law@msn.com

Attorney for Defendant DANIEL GARCIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

THE UNITED STATES OF AMERICA,   ) CR. S-11-290 LKK
                Plaintiff,                        )
                               )
     v.                                                   ) SENTENCING MEMORANDUM
                               ) AND FORMAL OBJECTIONS
DANIEL GARCIA,                            )
                               ) Hearing:  April 3, 2012, at 9:15 a.m.
                Defendant.                     )
===============================)

       Defendant DANIEL GARCIA, by and through his counsel, Michael D. Long, submits the following sentencing memorandum and formal objections.

       Mr. Gomez is seeking a sentence of 420 months (35 years) as a sentence that is sufficient, but not greater than necessary, to punish him for his role in the crimes of which he was convicted by jury.  The 35-year sentence would be comprised of the mandatory minimum of 30 years on Count 2 plus the mandatory minimum of 5 years for Count 1, with no additional time for Counts 3 and 4.

       Daniel Garcia is presently 30 years of age.  If a 35-year sentence is imposed, Mr. Garcia will be a senior citizen upon his release.  Even if he behaves so well while in custody over the decades that he is awarded 5 years of good-time credits, he would be released from prison at about age 60.  Few crimes, and even fewer crimes of violence, are committed by persons in their sixties.  Moreover, if he behaves well enough for 30 years to earn that early release, his good behavior would be a sign that he will not commit crimes after his release.

With the mandatory minimum sentence of 35 years so incredibly lengthy, the court should deny as unnecessary the prosecution's requests for "more time" for issues such as obstruction of justice, location of the detonation, and consecutive sentences for Counts 3 and 4. Any sentence exceeding 35 years is longer than necessary to punish Mr. Garcia for crimes in which no physical injuries were suffered by anyone. Keeping an American in prison far beyond the age at which he is a danger to the public serves no purpose.

**Page 5, paragraph 16: The pipe bomb/destructive device is punished twice**

The result of paragraph 16 is that the pipe bomb/destructive device is counted and punished twice. In section 2K2.1(a)(3)(ii), offense level 22 is reached due to the possession of a destructive device, which is listed in the definition of a firearm in 26 USC section 5845(a). A pipe bomb is not listed as an aggravated destructive device in 2K2.1(b)(3)(A), so two points are added under 2K2.1(b)(3)(B) because a pipe bomb is an unspecified, generic destructive device.

The 30-year mandatory minimum for Count 2 is a given. The variable is whether the court uses its discretion to add more than the 5-year mandatory minimum for Count 1. Count 1 is 18 USC 844(i), which reads:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, **by means of fire or an explosive,** any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years …

The only two methods of violating Count 1 are "by means of fire or an explosive". Accordingly, no additional time needs to be added to the mandatory minimum of 5 years for Count 1 as Mr. Garcia violated section 844(i) in one of only two ways contemplated by the statute. The

statute does not indicate that explosive is worse than fire or whether explosive should be punished more harshly than fire.

Please delete the two additional points for this double-counting of the ordinary destructive device.

**Page 5, paragraph 17: The pipe bomb/destructive device is punished twice (again)**

Just as the result of paragraph 16 is that the pipe bomb/destructive device is counted and punished twice, so is the result of paragraph 17.

To violate Count 1, 18 USC section 844(i), fire or an explosive must be used. To violate Count 2, 18 USC section 924(c)(1)(A), a person must possess a destructive device during and in relation to a crime of violence. Almost any person who violates section 844(i) by using an explosive will have at some time possessed that explosive/destructive device during and in relation to that crime of violence. As such, both legal and/or illegal double punishments are likely in this situation.

However, because we now know that the guidelines are advisory, not mandatory, a pragmatic overlay can be applied to the legal analysis. Where the shortest mandatory statutory sentences are 30 years plus a mandatory consecutive 5 years, and Daniel Garcia will be in his sixties when he is eligible for his earliest possible release, the court can use its discretion to decline to add more months or years to his sentence because the additional time would provide no realistic additional protection to the public, no plausible additional benefit to society, no deterrent effect to Mr. Garcia and no deterrent effect to any other persons contemplating a similar offense. A sentence of more than 35 years will not serve any purpose described in 18 USC section 3553.

Defendant Garcia requests the court to decline to impose four additional levels under USSG 2K2.1(b)(6).

**Page 5, paragraph 18: Obstruction of justice**

A citizen who chooses to exercise his constitutional right to a trial by jury is not obstructing justice. A citizen who chooses to testify on his own behalf is not obstructing justice. Mr. Garcia told the truth from his point-of-view. The jury weighed the testimonies of all of the witnesses, including that of Mr. Garcia. The jury likely did not believe Mr. Garcia's testimony because the jury convicted him. The jury was not required to make a finding of why or how it reached its verdict. However, just because the jury did not believe Mr. Garcia does not mean that Mr. Garcia lied under oath. Mr. Garcia simply was less persuasive than the totality of the other pieces of evidence presented by the prosecutors.

However, as we now know that the guidelines are advisory, not mandatory, a pragmatic overlay can be applied to the legal analysis. Where the shortest mandatory statutory sentences are 30 years plus a mandatory consecutive 5 years, and Daniel Garcia will be in his sixties when he is eligible for his earliest possible release, the court can use its discretion to decline to add more months or years to a sentence where the additional time would provide no realistic additional protection to the public, no additional benefit to society, no deterrent effect to Mr. Garcia or other persons contemplating a similar offense, or serve any other purpose listed in 18 USC section 3553.

Defendant Garcia requests the court to decline to impose any levels for obstruction of justice under USSG 3C1.1.

///

**18 USC section 3553(a):**

As reflected in paragraph 56, Daniel Garcia's father died while Daniel Garcia was only 11 years old (in the 6th grade). Mr. Garcia adored his father. His father loved playing sports with him, his father helped him build his Cub Scouts "Pinewood Derby" car, his father helped lead his Cub Scout Troup, they worked on fixing up old cars together – Daniel Garcia thought the world of his father. When his father died of a heart attack, Daniel Garcia was devastated. Daniel Garcia had to become the "man of the house" after his father died. His father had been the person he always turned to for advice. His mother had to work full-time to make enough money to support the family. Daniel Garcia felt resentful – like he was robbed of his childhood. Not long thereafter he alternated between being the very responsible man of the house, and then rebelling by doing acts of juvenile delinquency. As he got older, in his late teenage years, he filled the void left by his father by doing drugs (both narcotics and steroids). While the death of his father does not in any way excuse Mr. Garcia's criminal acts in this case, the difficulties Mr. Garcia faced as a fatherless child help explain when and why he started making decisions after that time that were both self-destructive and harmful to others. We request that you take in to account Mr. Garcia's personal history when determining Mr. Garcia's final sentence.

**USSG CALCULATIONS  -  CONCLUSION**

Daniel Garcia requests the court to impose a sentence of 420 months (35 years).

**A TERM OF SUPERVISED RELEASE OF THREE YEARS IS APPROPRIATE**

Depending on the length of the sentence imposed by the court, Daniel Garcia will be in his sixties or seventies when he is finally released from the Bureau of Prisons sometime between the

–5–

years 2041 and 2051.  As the average life expectancy in the United States is about 78 years, few of us involved in this case may be around to see Mr. Garcia released from prison.  Given the hardships of living for decades in a high-security prison, Mr. Garcia is not likely to live longer than an average American.  As persons in their sixties or seventies pose such a small risk to the safety of the American public, three years of supervised release is the most appropriate length of time.

**BUREAU OF PRISONS DESIGNATION**

Mr. Garcia has researched available educational, vocational and apprentice training programs to better his education and give him marketable skills in addition to his skills as an electrician.  Based on his research, he requests a recommendation that he be imprisoned, in descending order, in one of the Bureau of Prisons facilities located at (1) FCI-Fairton, New Jersey, (2) FCI-Terminal Island, California, (3) FCI-Fort Dix, New Jersey, (4) FCI-Milan, Michigan or (5) FCI-Eden, Texas.

Dated:  March 16, 2012

              /s/ Michael D. Long\_\_\_
              Michael D. Long
              Attorney For DANIEL GARCIA