BENJAMIN B. WAGNER
United States Attorney
MICHAEL D. ANDERSON
PHILLIP A. TALBERT
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:11-CR-290 LKK |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM AND FORMAL OBJECTIONS TO THE PRESENTENCE REPORT** |
| v. | |
| DANIEL RICHARD GARCIA, | |
| Defendant. | |

I. <u>INTRODUCTION</u>

The government respectfully requests that the Court find that the applicable advisory Guidelines range is 548 months to 595 months and impose a sentence of 576 months, a sentence at the middle of the Guidelines range.

The defendant has a long and serious criminal history that results in a criminal history category of V, despite having two prior adult convictions and four prior juvenile adjudications that are not counted. Here, the defendant, in response to a small perceived slight by a former tenant, built and detonated a bomb close to a crowded apartment building. This attack, which was both highly premeditated and hugely disproportionate to the perceived offense, placed a large number of innocent people, including two young sleeping children, in significant danger from galvanized steel shrapnel and fire.

This, however, was not an isolated event. When officers searched the defendant's house only a few weeks later, the defendant had another operable destructive device built and ready in his garage.

For these reasons, and those set forth below, the government believes that only a substantial sentence of 576 months of imprisonment can adequately account for the defendant's conduct and protect the public from his future crimes.

## II. GUIDELINES CALCULATIONS

At sentencing, the Court must first correctly calculate the advisory Guidelines range. See United States v. Carty, 520 F.3d 984, 991-93 (9th Cir. 2008). The PSR calculates that the defendant's total offense level is 28 and his criminal history category is V. The resulting sentencing range is 490 months to 522 months.

This calculation, however, does not account for two levels that should be added on the basis of the defendant's obstruction of justice, and a two level upward departure to account for the defendant's second bomb and the particular dangers it posed. With the addition of four levels, the defendant's offense level is 32 and the resulting sentencing range is 548 months to 595 months.

### A. The Defendant Obstructed Justice When he Testified Falsely that he did Not Commit the Offense.

Two levels should be added to the defendant's offense level because he testified falsely, thereby obstructing justice. Under U.S.S.G. § 3C1.1 a two level enhancement applies when a defendant testifies under falsely under oath. United States v. Armstrong, 620 F.3d 1172, 1177 (9th Cir. 2010). "While a defendant has a right to put the government to its proof . . . there is no constitutional right to lie." Id. (internal quotations and citation omitted).

Here, the defendant testified at trial under oath. In his direct examination, he denied committing the offenses with which he was charged. He stated that he did not possess a pipe bomb on May 27, 2011, and that he had never seen the bomb found in his garage before except in photographs. As the jury found, this was not true.

Moreover, the defendant not only denied involvement as to all of the charged Counts, he also offered a detailed alibi regarding Counts 1-3. In his testimony, the defendant claimed that prior to

2

Government's Sentencing Memorandum and Formal
Objections to the Presentence Report

the bombing he had gone to the gym, purchased a burrito at a nearby restaurant, and returned home to care for his dog before returning to the gym to work out. This testimony was willfully false on a material matter, i.e. where he was and what he was doing at the time of the offense.

Therefore, the Court should impose a two level enhancement pursuant to U.S.S.G. § 3C1.1.

### B. An Upward Departure is Necessary to Account for the Defendant's Second Bomb and the Particular Dangers Both Homemade Bombs Posed to the Neighbors and the Public.

A two-level upward departure is warranted under U.S.S.G. § 5K2.14. Under U.S.S.G. § 5K2.14, an upward departure may be warranted if public health or safety was significantly endangered. This adjustment is specifically contemplated in Application Note 7 to U.S.S.G. § 2K2.1 in cases, like this one, involving destructive devices. There are inherent dangers in homemade pipe bombs that are manufactured and stored in residences and may be less stable than devices which are not constructed by amateurs. United States v. Loveday, 922 F.2d 1411, 1415-17 (9th Cir. 1991); United States v. Dempsey, 957 F.2d 831, 834 (11th Cir. 1992).

In this case, the defendant possessed and detonated a bomb next to an occupied apartment building late at night. This placed the numerous residents of the apartment complex, and everyone who unknowingly crossed paths with the defendant that night, in significant danger. Likewise, the defendant's second bomb was stored in his garage in a residential neighborhood, placing both his neighbors and his tenants at risk. Both devices were also homemade using dangerous explosive materials.

Moreover, as currently calculated the defendant's offense level does not increase at all to take account of this second bomb and the dangerous situation it created for the defendant's neighbors, tenants and visitors. In the event, however, that the Court declines to depart upward when calculating the guidelines range, the government respectfully requests that the Court also consider the second bomb when weighing the other sentencing factors, including the nature and circumstances of the offense.

### III. 18 U.S.C. § 3553(A) SENTENCING FACTORS

A sentence of 576 months of imprisonment, in the middle of the applicable Guidelines Range, along with a five year period of supervised release, comports with the factors that the Court

must consider under Title 18, United States Code, Section 3553(a), because it accounts for the seriousness of this premeditated and disproportionately violent offense, the danger to the intended victims and to the completely innocent members of the public, and the defendant's long and troubled criminal history.

It also takes into account the need to protect the public from future crimes of the defendant and to deter others from similar crimes, while taking into consideration the mitigating arguments raised by the defendant about his childhood and personal history.

## IV. CONCLUSION

For the forgoing reasons the United States respectfully requests that the Court sentence the defendant to 576 months of imprisonment and a five year term of supervised release.

Dated: March 26, 2012

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

By: /s/   Michael D. Anderson
MICHAEL D. ANDERSON
PHILLIP A. TALBERT
Assistant U.S. Attorneys