HEATHER E. WILLIAMS, #122664
Federal Defender
MIA CRAGER, #300172
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700
Mia_Crager@fd.org

Attorney for Movant
DANIEL GARCIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Respondent, )<br>)<br>vs. )<br>)<br>DANIEL GARCIA, )<br>)<br>Movant. )<br>) | Case No. 2:11-cr-00290-LKK-1<br><br>MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. SECTION 2255 |

## I.   INTRODUCTION

Pursuant to 28 U.S.C. § 2255, Movant DANIEL GARCIA respectfully moves this Court to vacate and correct his sentence, which was imposed in violation of the United States Constitution. Mr. Garcia's sentence was driven by a thirty-year mandatory minimum consecutive term required by 18 U.S.C. § 924(c). Following *Johnson v. United States*, 135 S. Ct. 2551 (2015), imposition of that mandatory minimum sentence is unlawful, because Mr. Garcia was not convicted of a crime of violence. This Court should vacate Count 2 and resentence Mr. Garcia on the remaining counts of the Indictment.

## II.   STATEMENT OF FACTS

On July 7, 2011, the government filed an indictment charging Mr. Garcia with one count of maliciously damaging or destroying by means of fire or explosive any real or personal property (18 U.S.C. § 844(i)), one count of possession of a destructive device during and in

relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)), and two counts of possession of an unregistered destructive device (26 U.S.C. § 5861(d)). Dkt. 8. Mr. Garcia pleaded not guilty and went to trial. The Court instructed the jury that 18 U.S.C. § 844(i), as charged in Count 1, was a crime of violence. Dkt. 74 at Instr. No. 24. After a guilty verdict as to all four counts, the Court sentenced Mr. Garcia to a term of 420 months on April 3, 2012. Dkt. 86.

At sentencing, the Court acknowledged that Count 1 carried a mandatory minimum of five-years' imprisonment and that Count 2 required imposing a consecutive term of thirty-years. Dkt. 93; Presentence Investigation Report ¶ 66. The Court characterized this mandated 35-year sentence as "sufficient—to say the least," and noted that Mr. Garcia would likely have faced "nine, ten years" if the case had gone forward in state court. Dkt. 93 at 5:13-19. The Court was "astounded at the government's position" that 35 years was not long enough. *Id.* at 4:10-13. Nonetheless, the Court complied with the statutory mandate and sentenced Mr. Garcia to 35 years.

### III.   ARGUMENT

**A. In Light of Johnson, Mr. Garcia's conviction in count 2 based on the purported "crime of violence" is invalid**

The basis for Count 2 is the possession of a destructive device during or in relation to a "crime of violence." *See* 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is "an offense that is a felony" and

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is known as the elements clause or force clause, and (B) is the residual clause.

The Supreme Court held in *Johnson* that the Armed Career Criminal Act's ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which is similar to the residual clause referenced above, is unconstitutionally void for vagueness in all applications. *Johnson*, 135 S. Ct. at 2557. It follows from *Johnson* that the residual clause in section 924(c) is also void for vagueness.

Therefore, an offense can now only qualify as a "crime of violence" if it satisfies the elements clause, which, as demonstrated below, Mr. Garcia's conviction does not. Without a valid "crime of violence" predicate, Count 2 cannot stand and must be vacated. *See United States v. Lattanaphom*, No. CR 2:99-00433 WBS, __ F. Supp. 3d __, 2016 WL 393545, at *6 (E.D. Cal. Feb. 2, 2016) (dismissing § 924(c) counts of an indictment in light of *Johnson*).

### 1. *Johnson* renders § 924(c)'s residual clause void for vagueness.

In *Johnson*, the Supreme Court declared the residual clause of the ACCA to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

*Johnson* applies equally to § 924(c)'s residual clause, because the two clauses are materially indistinguishable. *United States v. Bell*, 2016 WL 344749, at *12 (N.D. Cal. Jan. 28, 2016) ("[T]he differences in the language used in the ACCA residual clause versus the section 924(c)(3) residual clause are not material insofar as the reasoning in *Johnson* [] is concerned."). Each requires the same unmanageable and indeterminable analysis that compelled the *Johnson* Court to hold the ACCA's residual clause unconstitutionally vague. In particular, courts interpreting the residual clauses of both the ACCA and § 924(c) used the categorical method as well as the "ordinary case" test—the untenable combination that *Johnson* discredited. *See id.* (collecting cases). In fact, the Ninth Circuit has already held that the language used in § 924(c) is unconstitutionally vague. In *Dimaya v. Lynch*, 803 F.3d 1110, 1111, 1120 (9th Cir. 2015), the court so held in interpreting 18 U.S.C. § 16(b)—a different statute defining "crime of violence," but one that uses the exact same language as § 942(c)'s residual clause. *See Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012) (characterizing § 16(b) and § 924(c)(3)(B) as "identical"). *Compare* 18 U.S.C. § 16(b) ("The term 'crime of violence' means . . . (b) any other

offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"), *with* 18 U.S.C. § 924(c)(3)(B) ("[T]he term 'crime of violence' means an offense that is a felony and . . . (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.").

*Dimaya* "compels this court to extend *Johnson* to the residual clause of 18 U.S.C. § 924(c)[.]" *Lattanaphom*, 2016 WL 393545, at *3; *see United States v. Smith*, 2016 WL 2901661, at *6 (D. Nev. May 18, 2016) ("[*Dimaya* is] binding authority in this circuit [and] thus compels me to conclude that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague."); *Bell*, 2016 WL 344749, at 13 (finding § 924(c)'s residual clause unconstitutional for the same reasons). Section 924(c)'s residual clause is unconstitutionally vague, and so the government can no longer rely on it to support Mr. Garcia's mandatory minimum sentence. *Johnson*, 135 S. Ct. at 2557.

Even so, the government may argue that 18 U.S.C. § 844(i) qualifies as a crime of violence per the elements clause of the "crime of violence" definition. It does not.

### 2. 18 U.S.C. § 844(i) does not qualify as a "crime of violence" under the elements clause.

In determining whether an offense is a "crime of violence" under the elements clause, courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006), *as amended* (Apr. 20, 2006). This approach requires that courts "look only to the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense.]" *Descamps*, 133 S. Ct. at 2283 (internal quotation marks and citation omitted); *see Piccolo*, 441 F.3d at 1086. A court begins the analysis by determining "the least of the acts criminalized under the elements of the [predicate] statute." *United States v. Werle*, 815 F.3d 614, 623 (9th Cir. 2016). The statute can only be a crime of violence if those acts "necessarily" include as an element the use, attempted use, or threatened use of physical force against the person or property of another. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).

Judicial interpretations of the elements clause have made clear that "physical force" does not mean just any force. To begin, the force must be used against the person or property "of another." *See* 18 U.S.C. § 924(c)(3)(A). Therefore, harming one's own property is not a "crime of violence." *Jordinson v. Gonzales*, 501 F.3d 1134, 1135 (9th Cir. 2007). Moreover, "physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). Even if such force is present, the offense still is not a crime of violence, unless the force was applied intentionally. *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc) ("The bedrock principle of *Leocal* is that to constitute a federal crime of violence an offense must involve the intentional use of force . . . ."); *see United States v. Serafin*, 562 F.3d 1105, 1108 (9th Cir. 2009) (applying *Leocal*'s gloss on 18 U.S.C. § 16 to section 924(c)(3)). Thus, an offense that does not necessarily require the intentional use, attempted use, or threatened use of violent physical force does not meet the elements clause. *See United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (holding that California robbery does not have as an element the use attempted use, or threatened use of physical force because it can be accomplished using unintentional force).

Mr. Garcia's conviction under 18 U.S.C. § 844(i) is not a crime of violence for three independent reasons. First, it does not necessarily involve damage to the person or property "of another." Second, it does not require the intentional use of force. And finally, it does not necessarily involve violent force.

### a.   18 U.S.C. § 844(i) does not require that damaged property be "of another."

Section 844(i) prohibits damaging, destroying, or attempting to damage or destroy "any building, vehicle, or other real or personal property" used in interstate commerce. The word "any" gives the statute a broad reach. *United States v. Andrini*, 685 F.2d 1094, 1095-96 (9th Cir. 1982) ("Congress intended [section 844(i)] to be construed broadly . . . ."); *United States v. Beldin*, 737 F.2d 450, 455 (5th Cir. 1984) ("Congress intended [section 844(i)'s] reach to be broad and to overlap state arson laws."); *cf. United States v. Fears*, 450 F. Supp. 249, 253 (E.D.

Tenn. 1978) ("There is nothing in the legislative history indicating that the Congress did not intend 'any building' to mean, any building."). That reach extends to a defendant's own property. *Russell v. United States*, 471 U.S. 858, 859 (1985). Section 844(i) thus supports a conviction where a defendant damages or destroys only her own property. *See, e.g.*, *United States v. Shockley*, 741 F.2d 1306, 1307 (11th Cir. 1984) (burning of defendant's own restaurant); *United States v. Parsons*, 993 F.2d 38, 39, 41 (4th Cir. 1993) (burning of defendant's own unoccupied single-family house); *United States v. Doby*, 684 F. Supp. 558, 559-60 (N.D. Ind. 1988), *aff'd*, 872 F.2d 779 (7th Cir. 1989) (damage to two-unit apartment building in which defendant lived downstairs and upstairs apartment unit had been vacant for six months).

As discussed above, the Court begins with the least of the conduct criminalized under the statute of conviction. For section 844(i), that conduct is the destruction of one's own property. Such conduct is not a crime of violence, because it is not the use of force against the person or property "of another." *Cf. Jordinson*, 501 F.3d at 1135 (holding that California' statute prohibiting recklessly setting fire to a structure is not a crime of violence because "the state was not required to prove that Jordinson set fire to someone else's structure or forest land in order to obtain a conviction"); *Miranda-Rosales v. Mukasey*, 260 F. App'x 979, 981 (9th Cir. 2007) ("Miranda-Rosales's conviction for violating [a California arson statute] does not qualify as a 'crime of violence' under the categorical approach [because the statute] criminalizes setting fire to one's own property . . . ."). The Supreme Court also agrees that the statutes criminalizing "destruction of one's own property" are not crimes of violence. *See Torres v. Lynch*, 136 S. Ct. 1619, 1630 (2016) (dicta) (citing *Jordinson*, 501 F.3d at 1135 and "Tr. of Oral Arg. 28–29 (Solicitor General agreeing with that interpretation)").

### b. The modified categorical approach is inapplicable and the underlying charged or proven facts are irrelevant.

The government may argue that the modified categorical approach allows an examination of how Mr. Garcia committed the particular violation of section 844(i) in this case. But such an inquiry is inappropriate and in fact "forbidden." *Almanza-Arenas v. Lynch*, 815 F.3d 469, 482 (9th Cir. 2016) (en banc) ("[Inquiring into the] means or methods of committing an offense, in

this context, is nothing more than focusing on the facts, which we are forbidden to do in a categorical analysis.").

In *Descamps*, the Supreme Court clarified the proper application of the modified categorical approach. *Descamps* considered the California burglary statute, Penal Code section 459. 133 S. Ct. at 2282. The Court observed that the conduct criminalized by the statute was "categorically broader" when compared to the definition of a "violent felony," because California burglary "does not require the entry to have been unlawful." *Id.* The lower courts had gotten this part of the analysis correct, but had then moved on to apply the "modified categorical approach." *See id.* The district court looked to the state court records that indicated that the offense "involved the breaking and entering of a grocery store." *Id.* (citation, internal quotation marks and alteration omitted). The Ninth Circuit affirmed. *Id.* But the Supreme Court reversed, holding that the lower courts had inappropriately applied the modified categorical approach. *Id.* at 2283.

The Supreme Court clarified that the modified categorical approach has a "limited function"—that is, to reveal "which element played a part in the defendant's conviction." *Id. Descamps* emphasized that the modified categorical approach should only be used where the statute is "divisible." *Id.* at 2286. A divisible statute is one that "lists multiple, alternative elements, and so effectively creates several different crimes." *Id.* at 2285 (citation, internal quotation marks, and alteration omitted). California burglary did not contain such alternative elements, because "to get a conviction, [the prosecution] need not prove that Descamps broke and entered." *Id.* at 2285-86. Accordingly, after concluding that California burglary was defined more broadly than "violent felony," "the inquiry is over." *Id.* at 2286.

Similarly here, section 844(i) is not divisible, so "[t]he modified approach [] has no role to play in this case." *Id.* at 2285. The elements the government must prove to convict under section 844(i) are that the defendant (1) maliciously (2) damaged or destroyed (or attempted to damage or destroy) "any building, vehicle or other real or personal property" (3) by means of fire or explosives, and (4) the property was used in interstate or foreign commerce. *United States v.*

*Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009). The statute does not set out as an alternative element that the property be owned by another. Indeed, such a requirement is not mentioned in the statute, and as discussed above, case law confirms that the government need not prove ownership to convict. Thus there is no need for the modified categorical approach, because there are no sets of alternative elements from which to choose. Therefore, after concluding that the least conduct criminalized by section 844(i) is broader than the definition of a crime of violence, "the inquiry is over."

If there were any doubt after *Descamps* that section 844(i) is not divisible, the Supreme Court recently made that conclusion clear, albeit in dicta, but nonetheless directly on point to arson statutes like this one. *See Blake v. Baker*, 745 F.3d 977, 982 & n.3 (9th Cir. 2014) (adopting a rule based on Supreme Court dicta because "Supreme Court dicta have a weight that is greater than ordinary judicial dicta as prophecy of what that Court might hold") (citation and quotation marks omitted). In *Torres v. Lynch*, after indicating that arson statutes prohibiting "destruction of one's own property" are not crimes of violence, the Court explained that all convictions under these statutes would not qualify as crimes of violence, no matter the underlying facts. *See* 136 S. Ct. at 1630 n.10 ("In all those States [where an arson conviction can result from destruction of one's own property], arsons of every description (whether of one's own or another's property) would fall outside the 'crime of violence' provision."). The Solicitor General during oral argument in *Torres* apparently agreed and "not[ed] that the categorical approach . . . produces that effect[.]" *Id.*

The government here may point out that the Ninth Circuit in *Jordinson* applied the categorical approach to an arson statute, but that analysis is clearly wrong after *Descamps*. *Descamps* in fact specifically overruled the Ninth Circuit's prior and incorrect use of the modified categorical method. The Supreme Court criticized and discredited it at length. *See Descamps*, 133 S. Ct. at 2286-92; *e.g.*, *id.* at 2287 ("By this point, it should be clear that the Ninth Circuit's [analysis] has no roots in our precedents. [And] more: [it] subverts those decisions, conflicting with each of the rationales supporting the categorical approach and

threatening to undo all its benefits."). Among its criticisms, the Court emphasized that the categorical method is designed to "function as an on-off switch, directing that a prior crime would qualify as a predicate offense in all cases or none." *Id.* at 2287. The Court noted that the Ninth Circuit had "treated some, but not other, convictions under § 459 as ACCA predicates, based on minor variations in the cases' plea documents." *Id.* at 2288. As relevant here, this same problem occurred with the Ninth Circuit's pre-*Descamps* analyses of arson predicates. *Compare Miranda-Rosales*, 260 F. App'x at 981-82 (Penal Code section 451(d) was not a crime of violence, because the modified categorical approach did not show that the defendant "pled guilty to burning another's property"), *with Cabrera-Arucha v. Holder*, 378 F. App'x 662, 664 (9th Cir. 2010) (same Penal Code section was a crime of violence, because state court records stated that defendant burned property "of another").

Since *Descamps*, the Ninth Circuit has fallen in line with the Supreme Court's method for determining whether to engage in the modified categorical inquiry. *See Almanza-Arenas*, 815 F.3d at 476-77 ("[I]f [a statute] has a 'single, indivisible set of elements' with different means of committing one crime, then it is indivisible and we end our inquiry, concluding that there is no categorical match to the generic federal offense.") (quoting *Descamps*, 133 S. Ct. at 2286). For example, in *United States v. Dixon*, the court determined that California robbery (Penal Code § 211) is not categorically a crime of violence because it could be committed with either intentional force (thus qualifying as a violent felony) or unintentional force (not qualifying as a violent felony). 805 F.3d at 1198. The court held that the statute was not divisible—and therefore did not go on to the modified categorical analysis—because there were no alternative sets of elements regarding the defendant's mental state. *Id.* ("[A] jury can return a guilty verdict even if some jurors believe the defendant used force and others believe the defendant used fear. Jurors are also not required to agree on the defendant's state of mind as to the use of force, as long as [the other elements are met]."). After determining that the least of the conduct criminalized by the robbery statute (i.e., robbery using unintentional force) was overbroad, the

///

court concluded that the defendant's conviction was not a violent felony and ended the inquiry. *Id.*

So too here. *Descamps*'s on-off switch means that 844(i)'s indivisible set of elements is not a crime of violence and is never a crime of violence. The categorical rule dictates as much. This Court should end the inquiry there.

**c. 18 U.S.C. § 844(i) does not require intentional or violent force.**

Independent from the analysis above, section 844(i) is not a crime of violence for two further reasons.

First, a crime of violence must involve intentional force. *United States v. Serafin*, 562 F.3d 1105, 1108 (9th Cir. 2009). But section 844(i) can result from less-than-intentional force. "'[M]aliciously,' for purposes of section 844(i)" can mean "intentionally," but it can also mean "acting . . . with willful disregard of the likelihood that damage or injury would result." *United States v. Monroe*, 178 F.3d 304, 307 (5th Cir. 1999) (citation and internal quotation marks omitted). Therefore, "[i]ntent is sufficient but not necessary for a conviction under § 844(i)." *Id.*

For example, in *Monroe*, the defendant "stole a gas stove from his apartment when he moved out." *Id.* at 306. The absence of the stove led to a natural gas leak that caused an explosion the next morning. *Id.* The defendant argued that he did not intend to start a fire, so had not acted "maliciously." *Id.* The court, however, affirmed the conviction under section 844(i), because the defendant "'acted in willful disregard of the likelihood' of damaging the apartment building." *Id.* at 307 (quoting *United States v. Corona*, 108 F.3d 565, 571 (5th Cir. 1997), *as modified on denial of reh'g* (Apr. 7, 1997)). That is, he was "aware[] of the dangers associated with leaking gas" but took the stove anyway. *Id.* As *Monroe* demonstrates, a violation of section 844(i) can occur without intentional force, so this crime cannot be a crime of violence. *See Dixon*, 805 F.3d at 1197-98.

Moreover, a crime of violence must involve violent physical force. *Johnson*, 559 U.S. at 140. However a conviction under 844(i) does not require such violence. For example, a conviction can result from burning menial personal property. *See United States v. Misleveck*,

735 F.3d 983, 986 (7th Cir. 2013) (observing that section 844(i) "make[s] arson of personal property a crime" and "specifies neither a minimum value of property . . . nor a minimum damage amount"). Damaging menial objects is not "in the category of violent, active crimes" that the force clause contains. *See United States v. Melchor-Meceno*, 620 F.3d 1180, 1183 (9th Cir. 2010) (citation omitted); *cf. Misleveck*, 735 F.3d at 984 (questioning whether throwing a hat into a fireplace—which would be punishable under section 844(i)—is sufficiently violent or aggressive to be "violent felony"). Nor is the moving of a stove. *See Monroe*, 178 F.3d at 307-08. Thus, section 844(i) is categorically not a crime of violence.[1]

### B. Mr. Garcia's claim is cognizable under § 2255(a).

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Mr. Garcia's mandatory thirty-year sentence was imposed in violation of the Constitution because it was predicated on the residual clause. That is, before *Johnson*, courts considered section 844(i) to be a crime of violence because it fell under the residual clause. *United States v. Mitchell*, 23 F.3d 1, 2 n.3 (1st Cir. 1994) (collecting cases); *cf. Cabrera-Arucha*, 378 F. App'x at 664 (holding that a California arson statute "was an 'offense that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense' and thus was a crime of violence under [the residual clause of 18 U.S.C. § 16]"). But "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. In light of *Johnson*'s constitutional decision, section 844(i) is no longer a crime of violence. *Cf. Miranda Godinez v. Lynch*, __ F. App'x __, 2016 WL 1696917, at *1 (9th Cir. 2016) (reversing Board of Immigration Appeals decision that held that California arson was a crime of violence under the residual clause of § 16(b), because of the "rationale articulated in *Johnson*"). Accordingly, Mr. Garcia's claim for relief is cognizable under the plain language of § 2255(a).

---

[1] Section 844(i) is not divisible in terms of mental state. The statute provides a single mental state element: "maliciously." Nor is it divisible in terms of the amount of force or the value of the property damaged. *See Almanza-Arenas*, 815 F.3d at 482; *Dixon*, 805 F.3d at 1197.

1    The government may argue that Mr. Garcia must additionally meet the "fundamental
2    defect" standard, but he need not.  That standard only applies to non-jurisdictional, non-
3    constitutional errors.  *See United States v. Addonizio*, 442 U.S. 178, 185 (1979) ("[U]nless the
4    claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack [is limited
5    to] error[s] [that] constitute[] a fundamental defect . . . .") (citations and internal quotation marks
6    omitted).  Mr. Garcia's claim—a constitutional claim under *Johnson*—is cognizable.

**C.  *Johnson* applies retroactively to § 924(c) on collateral review.**

The Supreme Court held in *Welch v. United States*, that the new rule announced in *Johnson* is substantive and thus retroactive to cases on collateral review.  136 S. Ct. 1257, 1265 (2016) ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review.").  *Welch*'s holding applies equally to cases interpreting the residual clause of § 924(c) as it does to cases interpreting the substantially similar residual clause of the ACCA.  Indeed, the *Welch* Court said nothing whatsoever to limit its holding or reasoning to ACCA cases.

Rather, *Welch*'s reasoning indicates that the "rule" of *Johnson*—that the language of the residual clause is unconstitutionally vague—is retroactively applicable to all cases in which it applies.  Retroactivity applies categorically.  *See Davis v. United States*, 564 U.S. 229, 243 (2011) (indicating that retroactivity is a "categorical matter").  *Welch* confirmed that "category" refers to the "rule," not to the type of case.  *See Welch*, 136 S. Ct. at 1264 (explaining that two "categories" are retroactive: "new substantive *rules*" and "new watershed *rules* of criminal procedure") (internal citations and quotation marks omitted) (emphasis added); *see also Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive] must be applied in . . . all federal habeas corpus proceedings.").  The *Johnson* rule applies retroactively to ACCA and § 924(c) cases alike and therefore to this case.

The Ninth Circuit, which has not explicitly decided the issue, appears poised to confirm that *Johnson* applies retroactively to all cases—including § 924(c) cases like this one.  To do so,

it need merely follow its precedent holding that other interpretations of the ACCA are retroactive to non-ACCA cases. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011) (holding that decision limiting the definition of burglary under the ACCA is substantive because "it altered the conduct that substantively qualifies as burglary," and thus applies retroactively in cases interpreting the Sentencing Guidelines' crime of violence definition). Following *Reina-Rodriguez*, at least one district court in this circuit has applied *Johnson* retroactively on collateral review to a non-ACCA crime of violence. *See United States v. Dean*, 2016 WL 1060229, at *16 (D. Or. Mar. 15, 2016) ("Following the Ninth Circuit's decision in *Reina–Rodriguez*, the Court finds that *Johnson* is a new, substantive rule . . . . Accordingly, *Johnson* applies retroactively [in a Guidelines case]."). Indeed, the Ninth Circuit has begun granting authorization for petitioners to file second or successive § 2255 motions that allege *Johnson* claims in the context of § 924(c). *See, e.g.*, Order at 1, 11-12, *Valenzuela v. United States*, No. 16-70886 (9th Cir. June 1, 2016); Order at 1, 11, *Berry v. United States*, No. 16-71332 (Dkt. 2), 2:96-cr-00259-WFN (9th Cir. June 2, 2016) (authorizing second or successive § 2255 to allow collateral attack of § 924(c) conviction with predicate offense of 18 U.S.C. § 844(i)).

**D. This motion is timely under 28 U.S.C. § 2255(f)(3).**

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Garcia filed his claim within a year of that date. As discussed above, the Supreme Court recognized a new right in *Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

### IV. CONCLUSION

Mr. Garcia is entitled to relief under § 2255 because, in light of *Johnson*, his sentence violates due process of law. This Court should vacate Count 2 and re-sentence him without the

erroneously imposed statutory mandatory minimum term of thirty consecutive years.

Dated:  June 7, 2016

HEATHER E. WILLIAMS
Federal Defender

*/s/ MIA CRAGER*_____
MIA CRAGER
Assistant Federal Defender
Attorney for Movant
DANIEL GARCIA

**28 U.S.C. § 2242 CERTIFICATION**

Pursuant to 28 U.S.C. § 2242 and Rule Governing Section 2255 Proceedings 2(b)(5), I declare under penalty of perjury under the laws of the State of California that the facts alleged in this motion are true and correct to the best of my knowledge, and that this declaration was executed on June 7, 2016, in Sacramento, California.

*/s/ MIA CRAGER*
MIA CRAGER
Assistant Federal Defender
Attorney for Movant
DANIEL GARCIA