1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:11-cr-00290 TLN CKD

12                Respondent,

13        v.                                ORDER

14   DANIEL RICHARD GARCIA,

15                Movant.

16

17        Garcia is a federal prisoner proceeding through counsel with a motion attacking his

18   sentence under 28 U.S.C. § 2255.  (ECF No. 107.)  On June 14, 2016, the court directed the

19   government to file a response to Garcia's motion within sixty days.  (ECF No. 112.)  One month

20   later, the government filed a motion to stay this action pending the outcome of United States v.

21   Begay, 9th Cir. Case No. 14-10080, and two other Ninth Circuit cases whose outcomes may

22   affect the merits of this action.  (ECF No. 114.)  Garcia opposed the motion, and the government

23   replied. (ECF Nos. 115 & 116.)  Alternatively, the government seeks an extension of time to

24   respond to Garcia's § 2255 motion.

25        In 2011, Garcia was charged with four criminal counts, including possession of a

26   destructive device during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)).  At

27   trial in 2012, the district court instructed the jury that 18 U.S.C. § 844(i), as charged in Count 1,

28   was a crime of violence.  (ECF No. 74, Instr. No. 24.)  Garcia was found guilty on all four counts

                                              1

and sentenced to a term of 420 months. (ECF No. 86.) In his motion to vacate his sentence, Garcia argues that his conviction in Count 2, based on a "crime of violence" under § 924(c), is invalid under United States v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of a comparable federal statute defining "crime of violence" was void for vagueness. (ECF No. 114.)

The government seeks a stay pending the Ninth Circuit's resolution of Begay, which addresses whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague under Johnson; United States v. Gaytan, 9th Cir. Case No. 14-10167 (considering the same issue); and United States v. Andrade, 9th Cir. Case No. 14-10226 (same). The government argues that a stay will promote judicial economy, as the resolution of these cases will "significantly affect how Garcia's arguments are to be analyzed and dealt with[.]" (ECF No. 114 at 2.)

In United States v. Reid, No. 2:99-cr-00358 GEB AC (E.D. Cal.), the court similarly considered whether to stay a § 2255 action challenging the residual clause of 18 U.S.C. § 924(c) as void for vagueness under Johnson. As here, the government argued that a stay was warranted pending the Ninth Circuit's decision in Begay. However, the Reid court concluded that, "in light of the several 'Johnson cases' currently being decided by judges of this court, . . . it [is] most fair, practical and efficient to proceed on the merits of each such case in the order that it is filed." Reid, ECF No. 52. See also United States v. Casas, 2017 WL 1008109 (S.D. Cal. March 14, 2017) (denying government's motion to stay § 2255 action asserting that Johnson voids residual clause of § 924(c), pending resolution of Begay) (noting that "the Government has not demonstrated prejudice – a typical prerequisite for a stay.").

Moreover, on March 29, 2017, the Ninth Circuit vacated and deferred the submission in Begay pending the Supreme Court's disposition of Lynch v. Dimaya, 137 S. Ct. 31 (cert. granted Sept. 29, 2016). As Reid's reasoning is persuasive, and because Garcia may be prejudiced by further delay of this action, the undersigned will deny the government's motion for stay and set a further briefing schedule for the motion to vacate.

////

////

2

Accordingly, IT IS HEREBY ORDERED THAT:

1. The government's motion for stay (ECF No. 114) is denied;

2. The government's request for an extension of time to respond to the motion to vacate is granted nunc pro tunc; and

3. Respondent is directed to file a response within sixty days of the effective date of this order. Movant's traverse, if any, is due on or before thirty days from the date respondent's answer is filed.

Dated: April 19, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / garc0290.stay