UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Respondent,

v.

DANIEL RICHARD GARCIA,

Movant.

No. 2:11-cr-0290 TLN CKD P

FINDINGS AND RECOMMENDATIONS

Movant is proceeding with counsel with a motion for habeas corpus relief under 28 U.S.C. § 2255. Movant stands convicted of one count of malicious use of explosive materials pursuant to 18 U.S.C. § 844(i) (Count 1), one count of possession of a destructive device during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c)(1) (Count 2), and two counts of possession of an unregistered destructive device pursuant to 26 U.S.C. § 5861(d) (Counts 3 and 4). He is serving concurrent 60-month sentences on Counts 1, 3, and 4, consecutive to a 360-month sentence on Count 2.[1] Movant challenges his conviction and sentence on Count 2.

I. Background

Under Title 18 § 924(c)(1) (hereafter "§ 924(c)(1)"), it is a crime when "any person . . . during and in relation to any crime of violence . . . uses or carries a firearm." A "firearm," for

---

[1] The evidence presented at trial is set forth in the Ninth Circuit's opinion as to movant's direct appeal. ECF No. 105.

1

purposes of § 924(c)(1) includes any "destructive device." 18 U.S.C. § 921(a)(3). A "crime of violence" for purposes of § 924(c)(1) is defined under 18 U.S.C. § 924(c)(3) as a crime which "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Section (A) has become known as the "elements clause" and section (B) as the "residual clause." Sessions v. Dimaya, 138 S. Ct. 1204, 1211 (2018).

In this case, jurors were instructed that Count 1, malicious use of explosive materials, amounted to a "crime of violence" under § 924(c)(1).[2] Movant asserts that is not the case as a matter of law.

II. "Residual Clause"

In Dimaya, 138 S. Ct. at 1215, the Supreme Court found language nearly identical to the language of § 924(c)(3)(B) unconstitutional for vagueness. A review of Dimaya and subsequent Circuit authority, i.e. United States v. Eshetu, No. 15-3020, 2018 WL 3673907 (D.C. Cir. Aug. 3, 2018) and United States. v. Salas, 889 F.3d 681, 687 (10th Cir. 2018), suggest that § 924(c)(3)(B) is also unconstitutional for vagueness. See e.g United States. v. Young, No. 13-cr-0149 KJD CWH, 2018 WL 35772277, *1 (D. Nev. July 25, 2018).

Respondent attempts to distinguish Dimaya because the statute at issue in that case, § 16(b), causes an additional penalty to be assessed if prior conduct amounted to a "crime of violence." Here, however, § 924(c)(1) is a separate crime based on present conduct. Respondent argues that the court must focus on the findings made by the jury rather than the definition of malicious use of explosive materials in determining whether movant's conviction under Count 1 is a "crime of violence" as defined in § 924(c)(3)(B). However, to the extent Dimaya does not clearly demand that the court take a "categorical" rather than fact-based approach in determining whether a crime is a "crime of violence" under the "residual clause" in § 924(c)(3), Ninth Circuit

---

[2] "First, that the defendant committed the crime of malicious use of explosive materials as charged in Count One of the indictment, which I instruct you is a crime of violence…" ECF No. 74 at 26.

2

precedent does. See, e.g., United States. v. Benally, 843 F.3d 350, 352 (9th Cir. 2016); United States v. Chavez, No. 15-CR-0285 LHK, 2018 WL 3609083, at *10 (N. D. Cal. July 27, 2018).

Accordingly, movant's conviction under § 924(c)(1) cannot be sustained unless malicious use of explosive materials pursuant to 18 U.S.C. § 844(i) is a "crime of violence" under the "elements clause."

III. "Elements Clause"

A person commits malicious use of explosive materials if they "damage[] or destroy[], or attempt[] to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce . . ." Title 18 U.S.C. § 844(i).

In deciding whether a crime is a "crime of violence" under the "elements clause" the court employs the "categorical approach." Under the "categorical approach," the facts of the case are not relevant. Instead, the court examines the elements of the crime. United States v. Dominguez-Maroyoqui, 748 F.3d 918, 920 (9th Cir. 2014). The crime is a categorical match if the elements are "the same as, or narrower than, those of" the elements clause. Descamps v. United States, 570 U.S. 254, 257 (2013). "[I]n the context of crime-of-violence determinations under § 924(c), [the] categorical approach applies regardless of whether [the court] review[s] a current or prior crime." See United States v. Piccolo, 441 F.3d 1084, 1086–87 (9th Cir. 2006).[3]

Movant presents three arguments in support of his position that malicious use of explosive materials is not a "crime of violence" under § 924(c)(3)(A).

A. Owner of Property

First, movant asserts that a person can commit malicious use of explosive materials against his/her own property, not necessarily against the property of another. A plain reading of § 924(c)(3)(A) and § 844(i) reveals that movant is correct. Furthermore, in Torres v. Lynch, 136 S. Ct. 1619, 1629–30 (2016) the Supreme Court found that a "crime of violence" provision

---

[3] If a statute has alternative elements, the court would use what has been termed the "modified categorical approach." Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). That approach is not implicated in this case.

3

materially indistinguishable from § 924(c)(3)(A) would not apply to definitions of arson that include the destruction of one's own property.

Respondent argues that this aspect of movant's claim has been procedurally defaulted. As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). A movant shows cause by demonstrating "that the procedural default is due to an 'objective factor' that is 'external' to the [movant] and that 'cannot be fairly attributed to him.'" Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A]bsent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). However, cause exists when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal could have been filed. Murray v. Carrier, 477 U.S. 478, 488 (1986).

Movant did not assert on direct appeal that he could not have been found to have committed a "crime of violence" under § 924(c)(1) because § 844(i) permits conviction regardless of who owns the subject property. Because movant fails to provide any reasonable explanation as to why the issue was not raised on direct appeal, the "cause" necessary to defeat his procedural default has not been shown.

B. Intentional Force

Next, movant argues that malicious use of explosive materials is not a "crime of violence" as that term is defined in § 924(c)(3)(A) because the law requires that the use, attempted use, or threatened use of physical force against the person or property of another be "intentional" and a person can be convicted for malicious use of explosive material based upon recklessness.

While the Ninth Circuit has not explicitly weighed in on the issue, two circuit courts have found that malicious use of explosive materials, as defined in § 844(i), can be committed with reckless conduct: the Fifth Circuit in United States v. Monroe, 178 F.3d 304, 307 (5th Cir. 1999) and the Tenth Circuit in United States v. Wiktor, 146 F.3d 815, 818 (10th Cir. 1998).

In Leocal v. Ashcroft, 543 U.S. 1 (2004), the Supreme Court found that the phrase "use of physical force against the person or property of another" requires a level of intent beyond mere

4

negligence. In Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1126-32 (9th Cir. 2006), the Ninth Circuit found that reckless conduct is also not a sufficient level of intent to establish a "use, attempted use, or threatened use of physical force against the person or property of another." Rather, a "crime of violence," as defined in § 924(c)(3)(A), "must involve the intentional use," threatened use, etc., "of force." Id. However, after Fernandez-Ruiz, the Supreme Court found in Voisine v. United States, 136 S. Ct. 2272 (2016) that 18 U.S.C. § 921(a)(33)(A)'s language ("has, as an element, the use or attempted use of physical force") can be demonstrated if the underlying offense was predicated on at least reckless conduct as opposed to knowing or intentional conduct.

Because there is no reasonable way to distinguish the Supreme Court's holding in Voisine so that it would not be applicable to this case, movant is again not entitled to habeas relief. See, United States v. Oakes, No. 3:16-cr-0196, 2018 WL 2388562, *3-4 (M.D. Tenn. May 25, 2018).

Respondent argues that movant's claim concerning lack of "intentional force" is also procedurally defaulted because movant did not raise it on direct appeal. Because the court finds that movant's claim does not have merit, movant fails to show that failure to raise the claim on direct review "worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Therefore, movant has not shown the prejudice necessary to overcome his procedural default.

C. Violent Force

Finally, movant argues that malicious use of explosive materials is not a "crime of violence" under § 924(c)(3)(A) because a showing of "violent force" is not required. In Johnson v. United States, 559 U.S. 133 (2010) the Supreme Court clarified that for purposes of the definition of "crime of violence" in § 924(c)(3)(A), the phrase "physical force" means "violent force—that is force capable of causing physical pain or injury to another person." Id. at 140. Setting a fire or igniting an explosive device is always force capable of causing physical pain or injury to another person. See United States v. Tsarnaez, 157 F. Supp. 3d 57, 76 (D. Mass. Jan. 15, 2016).

Movant seems to focus on the amount of force threatened rather than whether force was threatened, and the nature of the force, i.e. whether the force threatened "is capable of causing

5

physical pain or injury." Movant argues that a person could be convicted under § 844(i) for setting fire to something menial object. Even if this use of fire is not force "capable of causing physical pain or injury to another person," movant's argument renders meaningless the requirement that the property set on fire be "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce," an approach explicitly rejected by the Supreme Court. See Jones v. United States, 529 U.S. 848, 856 (2000) (owner-occupied residence not "used" in interstate commerce simply because owner had obtained a second mortgage from an out-of-state lender, an insurance policy from an out of state insurance company, and natural gas from an out of state source).

Respondent again argues procedural default as to movant's final claim. As with movant's lack of "intentional force" claim, movant fails to establish actual prejudice. Therefore the "violent force" claim is also procedurally defaulted.

IV. Conclusion

For all of these reasons, the court will recommend that movant's motion for habeas corpus relief under 28 U.S.C. § 2255 be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Movant's June 7, 2016 motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 107) be denied;

2. This case be closed; and

3. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1252 TLN CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 7, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
garc0290.257(2)