UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DANIEL RICHARD GARCIA,<br><br>Movant. | No. 2:11-cr-00290-TLN-CKD<br><br>**ORDER** |

Movant, a federal prisoner proceeding through counsel, has filed a motion for habeas corpus relief under 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 7, 2018, the magistrate judge filed findings and recommendations recommending that the motion be denied. (ECF No. 129 at 6.) The findings and recommendations were served on all parties with notice that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 129 at 7.) Movant has filed objections. (ECF No. 132.) Respondent did not file objections, nor a reply to movant's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court conducts *de novo* review. The Court accepts all of the findings of the magistrate judge. However, in light of a new argument presented in movant's objections, the Court grants movant's

1

§ 2255 motion.

Section A of part III of the findings and recommendations reads as follows:

> First, movant asserts that a person can commit malicious use of explosive materials against his/her own property, not necessarily against the property of another. A plain reading of § 924(c)(3)(A) and § 844(i) reveals that movant is correct. Furthermore, in Torres v. Lynch, 136 S. Ct. 1619, 1629–30 (2016) the Supreme Court found that a "crime of violence" provision materially indistinguishable from § 924(c)(3)(A) would not apply to definitions of arson that include the destruction of one's own property.
>
> Respondent argues that this aspect of movant's claim has been procedurally defaulted. As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). A movant shows cause by demonstrating "that the procedural default is due to an 'objective factor' that is 'external' to the [movant] and that 'cannot be fairly attributed to him.'" Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A]bsent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). However, cause exists when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal could have been filed. Murray v. Carrier, 477 U.S. 478, 488 (1986).
>
> Movant did not assert on direct appeal that he could not have been found to have committed a "crime of violence" under § 924(c)(1) because § 844(i) permits conviction regardless of who owns the subject property. Because movant fails to provide any reasonable explanation as to why the issue was not raised on direct appeal, the "cause" necessary to defeat his procedural default has not been shown.

(ECF No. 129 at 3–4.) In his objections, movant argues his procedural default should be excused pursuant to the "actual innocence" exception. As the Supreme Court explained in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), proof of "actual innocence" overcomes a procedural bar permitting a court to proceed to the merits of a habeas claim. *Id*. at 386.

The Court agrees with the magistrate judge's analysis and conclusion identified above and, for the reasons stated, the crime malicious use of explosive materials defined in 18 U.S.C. § 844(i) is not a "crime of violence" for purposes of 18 U.S.C. § 924(c)(1). This being the case, movant is "actually innocent" of the crime identified in Count 2 of the indictment as possession of a destructive device during and in relation to a crime of violence pursuant to 18 U.S.C. §

924(c)(1) with the underlying "crime of violence" being malicious use of explosive materials pursuant to 18 U.S.C. § 844(i). *Vosgien v. Persson*, 742 F.3d 1131, 1134 (9th Cir. 2014) ("One way a petitioner can demonstrate actual innocence is to show in light of subsequent case law that he cannot, as a legal matter, have committed the alleged crime.") Since movant is "actually innocent," his procedural default with respect to his claim that malicious use of explosive materials pursuant to 18 U.S.C. § 844(i) is not a "crime of violence" for purposes of 18 U.S.C. § 924(c)(1) because a person can commit malicious use of explosive materials against his or her own property is excused. Accordingly, movant is entitled to relief on that claim.

For all the foregoing reasons, the Court will order that movant's conviction on Count 2, possession of a destructive device during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c)(1), be vacated. The Court notes that in his motion, movant also asks that he be re-sentenced. However, movant does not explain why. After review of all relevant documents in the Court's file, it does not appear that re-sentencing is necessary.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court ADOPTS in part and rejects in part the findings and recommendations filed September 7, 2018, (ECF No. 129);

2. The Court GRANTS movant's June 7, 2016, motion for habeas corpus relief under 28 U.S.C. § 2255, (ECF No. 107);

3. Movant's conviction on Count 2, Possession of a Destructive Device During and in Relation to a Crime of Violence [18 U.S.C. 924 (c)(1)(A)] is VACATED;

4. This case is closed; and

5. The Clerk of the Court is directed to close the companion civil case, No. 2:16-cv-1252-TLN-CKD.

IT IS SO ORDERED.

Dated: January 2, 2019

Troy L. Nunley
United States District Judge