UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:11-cr-00290-TLN-CKD |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO STAY |
| DANIEL RICHARD GARCIA, | |
| Defendant. | |

This matter is before the Court on Plaintiff, United States of America's ("Government") February 7, 2019 Motion to Stay the Court's Judgment. (ECF No. 135.) On September 7, 2018, the magistrate judge issued findings and recommendations recommending Defendant Daniel Richard Garcia's ("Garcia") motion for habeas corpus relief under 28 U.S.C. § 2255 be denied. (ECF No. 129.) On November 20, 2018, Garcia filed objections to the magistrate judge's order. (ECF No. 132.) The Government did not file a response to Garcia's objections. Based on arguments made in Garcia's objections, on January 3, 2019, this Court rejected a portion of the magistrate judge's findings and recommendations and granted habeas relief, vacating Count 2 of Garcia's conviction. (ECF No. 133 at 3.) Now, over two months after Garcia filed objections and one month after this Court issued its order, the Government requests this Court exercise its discretion in permitting the Government to file a motion for reconsideration and issue a stay to the issuance of any Judgment and Commitment effectuating the Court's order. (ECF No. 135 at

2.) The attorney for Garcia has stated that she opposes this motion. (ECF No. 135 at 2.)

"[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). A district court weighs the following factors when considering a motion to stay: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The moving party bears the burden to demonstrate that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The proponent of a stay bears the burden of establishing its need.").

The Court finds that the Government fails to meet its burden of demonstrating that a stay is warranted. The Government's argument that the scheduling stipulation "did not specify a deadline within which to respond to the objections" and thus the Government opted to not respond is baseless. (ECF No. 135-1 at 2.) The Court can only surmise that if the Government had taken the time to look at Garcia's objections, the Government would have noticed the new argument presented and found the time to respond. Moreover, the Government's excuse for its negligence, that the attorney assigned to this case was on extended personal leave and did not know about the order, is similarly unpersuasive. (ECF No. 135 at 1; ECF No. 135-1 ¶¶ 8, 10.) It is clear from the notice of electronic filing that notice of both Garcia's objections *and* this Court's order were electronically mailed to at least three other Department of Justice email addresses beyond the attorney noticed in this case. Not only did the Government fail to respond to the objections, but the Government failed to timely file a motion for reconsideration after this Court issued its order. The Court is not convinced that the Government has shown good cause warranting a stay.

///

///

///

Accordingly, IT IS HEREBY ORDERED that the Government's Motion to Stay the Court's Judgment (ECF No. 135) is DENIED.

IT IS SO ORDERED.

Dated: February 11, 2019

Troy L. Nunley
United States District Judge